IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TIMOTHY WAYNE OSBORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-158 |
| | ) | |
| LOGAN MARSHAL, Sheriff; and | ) | |
| RONNIE WILLIAMSON, Major, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, a former inmate at McDuffie County Detention Center in Thomson, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis* ("IFP"). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

**I.   BACKGROUND**

Plaintiff filed the above-captioned case on October 5, 2015. (Doc. no. 1.) On October 7, 2015, the Court conditionally granted IFP and directed Plaintiff to complete and return the Prisoner Trust Fund Account Statement and Consent to Collection of Fees from Trust Account. (Doc. no. 3.) After Plaintiff returned his completed forms, the Court ordered Plaintiff to pay a $6.00 initial filing fee within thirty days of the date of the Order. (Doc. no. 6.) On November 23, 2015, after the period to remit the initial filing fee had passed, the

Court ordered Plaintiff to inform the Court of his intentions regarding his case by either paying the initial filing fee, or by showing Court why he did not pay the fee. (Doc. no. 7.) Plaintiff's service copy of the November 23 Order was returned as undeliverable and the envelope was marked "unable to forward." (Doc. no. 8.) Plaintiff has not informed the Court of his new address and the Court is now saddled with a stagnant case in which no communication with Plaintiff is seemingly possible.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to update his address or indicate that he wishes to pursue this case amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Further, the lack of an updated mailing address leaves the Court with no way to communicate with Plaintiff. Consequently, a dismissal without prejudice is appropriate.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED this 12th day of January, 2016, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA